Argued May 6, affirmed June 26, 1957

# BAKER *v.* LEHRER ET AL
312 P. 2d 1072

*Charles F. Luce,* Walla Walla, and *Charles R. Cater,* La Grande, argued the cause and filed a brief for appellant.

*Harold Fabre,* Pendleton, argued the cause for respondents. On the brief were Kilkenny & Fabre, Pendleton.

Before Lusk, Presiding Justice, Brand, Warner, McAllister and Kester, Justices.

WARNER, J.

This is a proceeding brought by the plaintiff, Stewart V. Baker, for a declaratory judgment defining certain rights and duties of the defendant lessors and the plaintiff lessee with respect to each other under the terms of a lease to a certain parcel of resort property bordering on Langdon Lake, in Umatilla County. From a decree declaring that plaintiff no longer has any rights or interests under the lease, except the right to remove buildings constructed on the property described therein, the plaintiff appeals.

Notwithstanding the nature of the pleadings, the real purpose of this proceeding is to obtain relief from the forfeiture of a lease for failure upon the part of the lessee to make a payment of rent within the time stipulated in the lease.

Defendant Jean Kennedy Lehrer and the seventeen other named defendants are the owners of the resort property including the premises described in plaintiff's lease. They acquired it many years prior from the Langdon Lake Resort Company, a corporation, and are now lessors by assignment under the contested instrument.

The plaintiff, Baker, was a successor lessee under the lease, which is dated February 17, 1932, and made with the then owner of the property, the Resort Company, as lessor.

The plaintiff depends upon familiar rules of equity to stay a forfeiture of his rights as a lessee, whereas, the defendants rely primarily upon ORS 91.090 as definitive of their rights to declare a forfeiture for the

nonpayment of the rent on the due date in the premises. ORS 91.090 (formerly § 8-309 OCLA), supra, reads:

> "The failure of a tenant to pay the rent reserved by the terms of his lease for the period of 10 days, unless a different period is stipulated in the lease, after it becomes due and payable, operates to terminate his tenancy. No notice to quit or pay the rent is required to render the holding of such tenant thereafter wrongful; however, if the landlord, after such default in payment of rent, accepts payment thereof, the lease is reinstated for the full period fixed by its terms, subject to termination by subsequent defaults in payment of rent."

The defendants claim the lease was terminated by failure of the plaintiff to make timely payment of the rental in advance under the provision reading:

> "IT IS AGREED that the lessee will pay annually to the lessor as rental for the said tract of land the sum of $15.00 *in advance,* which payments shall fall due on or before the 1st day of June of each year." (Emphasis ours.)

Plaintiff concedes that, although able to pay, he did not pay the rental due for the year 1955-56, i.e., on or before the first day of June, 1955, and made no offer of payment until June 26, 1955, when a tender was made by plaintiff's wife to the defendants' agent. This was 26 days after the time which the lease stipulated for payment and 16 days after the grace period provided by ORS 91.090, supra. But no payments were then or later accepted by the lessors.

We think that the questions raised by this appeal find perfect and complete answer within the boundaries of *Rainey v. Quigley,* 180 Or 554, 178 P2d 148, 170 ALR 1149 and *Caine v. Powell,* 185 Or 322, 202 P2d 931, with special emphasis on what was said in the Rainey

case. Both parties make frequent and extended reference to these cases.

The holding in the Rainey case was in accordance with the well-established rule that equity will not relieve from a statutory forfeiture. The court in the Rainey case was careful to point out that in that case "* * * There was no mistake on the part of the plaintiff [Rainey], fraud on the part of the defendant [Quigley], or any act of hers which would create an estoppel. * * *" (180 Or 566)

The facts revealed in the Caine case a situation requiring the interposition of equity on the ground that the default of the lessees Caine was due to excusable neglect on their part and by enjoining the forfeiture, it could be accomplished without injustice to either party. Because of the equities present in that case the injunction prayed for was, therefore, granted, notwithstanding the provisions of ORS 91.090, supra.

But the court in the Caine case was also careful to point out that in some instances negligence such as Caine's would not always stay the hand of equity, recalling that the court has approved the doctrine that "* * * each instance of negligence must depend to a great extent upon its own circumstances, * * *." (185 Or 331)

The two decisions, that is, *Rainey v. Quigley,* supra, and *Caine v. Powell,* supra, were both written by Mr. Justice Lusk and when read together are a learned dissertation on the subject of lease forfeitures.

In the instant matter, there is a total want of a pleading or any evidence of facts which would warrant the aid which equity can sometimes give notwithstanding statutory provisions akin to ORS 91.090, supra. On the contrary, except for the fact that the

lease in the Rainey case had no forfeiture clause, as did the Baker lease, the Rainey case is an authority contradicting most every point the appellant urges as error on this appeal.

Appellant states his first proposition thus:

"In a lease which provides that the lessors, at their option, may terminate it for failure to pay the annual rent upon a specified date, the mere nonpayment of the rent upon that date will not forfeit the lease, where the lessee subsequently tenders the rent before the lessors exercise the option to forfeit or make any demand for the rent."

This case, as did *Rainey v. Quigley,* supra, tenders the same question whether, in view of the provisions of ORS 91.090, supra, equity will relieve from the forfeiture of a lease for failure of a tenant to pay the stipulated rent within the time fixed by the statute.

The lease here, unlike the lease in the Rainey case, by its own terms provides for forfeiture in case of the lessee's failure to pay rent as agreed. In this respect it is like the lease which we construed in the Caine case (185 Or 324). The forfeiture clause of the Baker lease reads:

"IT IS FURTHER UNDERSTOOD AND AGREED that time and strict performance in the matter of paying the rental herein set forth and in the matter of the performance of all of the covenants herein agreed to be performed by the lessee shall be of the essence of this contract, and in case the lessee fails in any way, or at all to make said payments as herein set forth or to perform any and all parts of this contract agreed to be performed, that this lease, may, at the option of the lessor be terminated and all rights of the lessee hereunder shall cease."

In support of appellant's claim of a general rule that a good tender before a declaration of forfeiture precludes making such declaration for nonpayment, he cites 32 Am Jur 723, Landlord and Tenant § 853; Annos 25 Ann Cas 1009; and 31 ALR2d 321 at 336.

The "general rule" relied upon by appellant is, as it is stated, in the first sentence of § 853, supra. However, by the 1956 cumulative supplement to 32 Am Jur, § 853, at p 69, is amended by adding a sentence reading: "* * * and it appears also that a tender of past-due rent after the period prescribed by an unambiguous statutory provision for termination of the lease for default in payment of rent is ineffectual to change the strict legal rights of the parties, including a forfeiture of the lease," citing as authority *Rainey v. Quigley*, supra.

The appellant urges upon us the following proposition garnered from 32 Am Jur 724, Landlord and Tenant § 855: "* * * It is the general rule, at common law *and in the absence of a contrary statutory provision,* that a demand for payment must be made to entitle a landlord to enforce a forfeiture for its nonpayment under a power to re-enter or declare a forfeiture for such cause. * * *" (Emphasis ours.)

Again, we need look no further than *Rainey v. Quigley*, supra, for an answer to this argument.

The termination of the Baker lease was effected by the provisions of ORS 91.090, supra. "The failure of a tenant to pay the rent reserved * * * for the period of 10 days * * * operates to terminate his tenancy. * * *" ORS 91.090, supra, thereby becomes the very "contrary statutory provision" which takes the instant lease from under the rule appellant depends upon (32 Am Jur § 855, supra).

It is interesting to note that by further reference to page 70 of the 1956 cumulative supplement to 32 Am Jur § 855, relied on by appellant, we observe that that section has been amplified by another citation to the Rainey case, qualifying appellant's citation to that section.

The situation of the plaintiff in the instant matter is like that of plaintiff in the Rainey case, supra, that is, the statute ORS 91.090 prevails over the equitable considerations argued for by the appellant, including the matter of demand for payment of rent as a prerequisite to the enforcement of a lease provision for forfeiture or termination upon nonpayment of rent. As we said in *Rainey v. Quigley,* supra (180 Or 565-566), so we are compelled to say here: "* * * if this case involved nothing more than the contract of the parties, there would be no doubt of the jurisdiction and power of the court to grant the relief which the plaintiff seeks. But, unless we are to ignore or rewrite the statute, that power cannot be exercised here, for, under the statute [ORS 91.090], the failure of the tenant to pay the rent reserved within the time prescribed, 'shall operate to terminate his tenancy, and no notice to quit or pay said rent shall be required to render the holding of such tenant thereafter wrongful' * * *." As we asked in the Rainey case, we ask here: "* * * how can the court hold that the defendant[s] should have given notice when the statute says that no notice is required?"

There is no evidence that the defendants or their agent did anything which could be relied upon by Baker as indicative of an intention on the part of the defendants to depart from or waive the strict terms of the lease or their rights under ORS 91.090, supra.

There was no mistake made on the part of the plaintiff which merits attention. An allegation suggesting mistake was pleaded in the amended complaint and thereafter on motion stricken. No claim of error is made by reason thereof. But, notwithstanding appellant in his brief says: "The record in this case, though scant, shows undisputed evidence of innocent mistake of the tenant.  *  *  *," appellant cites us to no testimony warranting such a conclusion. Our own search of the very short record reveals none. That part of the lease upon which plaintiff rests his claim of "mistake" is clear and unambiguous. It does not confer on the lessee a grace period of ninety days in which to pay his rent when due.

No claim of fraud on the part of the defendants is asserted by the pleading of plaintiff nor any act of defendants which would create an estoppel. (180 Or 566)

The decree of the circuit court is affirmed. Neither party will be allowed costs and disbursements.